ANN BUSH AND OTHERS v. WILLIAM P. HETHERINGTON AND OTHERS.[1]

April 20, 1916.

Nos. 19,790—(173).

**Will — undue influence — evidence.**

The evidence in a proceeding to contest a last will and testament considered and *held* sufficiently to show the mental capacity of testatrix at the time she executed the will, within the rule laid down in Layman's case, 40 Minn. 371, and insufficient to justify a finding that the will was procured by undue influence.

In the matter of the estate of Jane Hetherington, deceased, Ann Bush, George R. Hetherington, Charles L. Addison and William Addison appealed to the district court for Washington county from the order of the probate court for that county admitting to probate the will of testator. The appeal was heard before Stolberg, J., who made findings and ordered judgment reversing the order of the probate court. From an order, Nethaway, J., denying their motions to amend the findings of fact and conclusions of law, to grant judgment notwithstanding the de-

[1]Reported in 157 N. W. 505.

cision, or to grant a new trial, William P. Hetherington, Thomas M. Hetherington and Eli B. Hetherington appealed. Reversed.

*Kueffner & Marks,* for appellants.

*J. N. Searles and Morphy, Bradford & Cummins,* for respondents.

BROWN, C. J.

On June 11, 1913, Jane Hetherington, a resident of Washington county and the owner of certain real and personal property situated therein, died leaving what purported to be her last will and testament. The will was thereafter presented to the probate court of said ·county, and in the due course of procedure was duly admitted to probate. Certain of the surviving children, grown to maturity, appeared in the probate court and contested the allowance of the will upon the grounds: (1) That the testatrix was not of sound mind at the time it was executed; and (2) that she was induced to make and execute the same by means of the undue influence of her son William P. Hetherington. The probate court found the grounds of contest not supported by the evidence, and from the order allowing the will contestants appealed to the district court. After trial of the issues in that court before the late Judge Stolberg, findings were made to the effect that testatrix was of unsound mind when the will was executed, and was acting under the influence of her son William. Thereafter proponent moved the court for a new trial on the ground that the findings of the court were not sustained by the evidence. Judge Stolberg having died, the motion was brought before Judge Nethaway, his successor in office, who made an order denying the motion. Proponents appealed.

The only question presented is whether the evidence is sufficient to support the findings of the trial court. Our examination of the record leads to a negative answer to the question; we find no sufficient evidence either of lack of mental capacity or of undue influence.

1. The will was executed in 1895, and the witnesses who signed the same have with one exception since died. The living witness was called and testified on the trial to the proper execution of the will. Under our statutes (section 7268, G. S. 1913), as construed in In re Layman's Will, 40 Minn. 371, 42 N. W. 286, since only one of the witnesses to the will

was living, it was incumbent upon proponent to establish *prima facie* the sound mind of testatrix at the time the will was executed. We hold that the evidence offered upon this question was sufficient, and tended clearly to show that testatrix was of sound and disposing mind at that time. The son, William, who was residing with testatrix when the will was made, testified that his mother was in good health, was physically very strong and retained her mental faculties fairly well until she died some 18 years later. Contestants made no attempt to show mental unsoundness, and the sole contention here made is that the evidence of proponent did not make a *prima facie* case within the rule of the Layman case. We hold the evidence sufficient.

2. Testatrix was a widow at the time the will was made. She was the mother of several children, sons and daughters, all of whom had grown to maturity at that time. Two or three of the sons, including William, resided with her, while the daughters had married and moved from home. By the will she gave certain specific bequests to the daughters, and to the children of a deceased son, the amount of each being quite small in comparison with the whole property she then owned. The balance amounting to something like $14,000, she gave to her three sons, William, Eli, and Thomas, share and share alike. This was a clear discrimination against those of the children to whom the specific bequests were made, all of whom were relatively poor, and not in as favorable financial situation as those preferred by the will. But this is not a valid objection to the will. Testatrix had the legal right to dispose of her property as she chose, and nothing short of mental infirmity or undue influence can justify interference by the courts. About three months after the will was executed testatrix conveyed a tract of land to her son William, and she then modified the will by a codocil, duly executed, by which he was eliminated as one of the residuary legatees; leaving, however, all other portions of the will undisturbed. The claim made in support of the contest was that the will was procured by the undue influence of the son William, and the trial court sustained the claim by a proper finding of fact.

We have given the question careful consideration, and reach the conclusion that the finding cannot stand; it has no sufficient support in the evidence and must be set aside. A discussion of the evidence would

serve no useful purpose. There is no substantial evidence to support the claim that testatrix was to any extent influenced by the son William; there is no showing that William and the other residuary legatees connived together for the purpose of inducing the mother to discriminate in their favor, or that either of them suggested to her that they should for any reason be preferred to the other children. It does appear that she had independent advice upon the matter, and from the record before us it seems clear that the will was the result of her own determination to dispose of her estate in the manner indicated. She was in strong physical condition at the time, and the record furnishes no suggestion of mental infirmities, or a condition of mind susceptible to the undue influence of others. On the whole we are convinced that before the will is set aside the issue should again be passed upon by the trial court.

Order reversed.